

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# USA v. Zwibel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Zwibel" (2006). *2006 Decisions.* Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-2027

————

UNITED STATES OF AMERICA

v.

RAYMOND ZWIBEL,

Appellant

————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-247)
District Judge: Honorable Gary L. Lancaster

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

Before: RENDELL and VAN ANTWERPEN, <u>Circuit</u> Judges, and ACKERMAN,*
<u>District</u> <u>Judge</u>

(Filed: May 22, 2006 )

————

OPINION OF THE COURT

————

_____
*The Honorable Harold A. Ackerman, Senior District Judge of the District of New
Jersey, sitting by designation.

VAN ANTWERPEN, Circuit Judge.

Before us is Raymond Zwibel's appeal from his jury conviction for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In his appeal, Zwibel takes the position that (1) the evidence was insufficient to support his conviction; (2) the jury was not properly instructed on the issue of constructive possession of a firearm; and, (3) 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

**I.**

Because we write solely for the parties, we set forth only those facts necessary to our analysis and construe them in the light most favorable to the government, as we must following the jury's guilty verdict. Glasser v. United States, 315 U.S. 60, 80 (1942).

At the time of the relevant events, Zwibel was serving the terms of a probation arising out of prior state court felony convictions. Sometime before February, 2003, Zwibel and his girlfriend moved into the home of Bernadette Conway, Zwibel's mother. After Zwibel had moved into Conway's home, Delrice Bristo – Zwibel's brother-in-law – visited Zwibel in February, 2003. During that visit, Bristo and Zwibel examined two guns which Bristo wrapped in a blanket and placed in a night stand in Zwibel's bedroom.

On March 3, 2003, probation officers informed Zwibel that they were en route to Conway's home to conduct an inspection. When the probation officers arrived, they identified themselves and sat down with Zwibel in the kitchen area of the house to discuss

2

the rules of Zwibel's probation, one of which prohibited Zwibel from possessing any firearms. At one point in the meeting, Zwibel "abruptly got up from the kitchen table and walked back into his house," but returned less than one minute later. App. 112.

Zwibel then brought the officers into the bedroom, whereupon the officers asked Zwibel whether there were any firearms or other weapons in the bedroom. Glancing at one of the night stands in the bedroom, Zwibel responded that his brother-in-law might have left firearms in the bedroom. Appearing nervous, Zwibel then walked to a dresser at the opposite side of the room and told the probation officers that "if there are any firearms in this room, they would be behind this dresser." App. 115. Zwibel then "walked to that dresser, retrieved a roll of linoleum from behind the dresser, looked back there again, and said no, there's no firearms back there." App. 115. Zwibel then told the officers, "[i]f the firearms were there, they would be behind this dresser, and they wouldn't be in any other area of the house." App. 115.

Observing that Zwibel appeared nervous, one of the officers approached the night stand toward which Zwibel had glanced when asked whether any firearms were present in the house. The officer then opened a compartment at the bottom of the night stand and found the rolled-up sheet containing the two guns. The officer testified that it appeared the guns had been "quickly rolled, not neat, but stuffed into the nightstand." App. 117. Zwibel told the officer that Bristo had left the guns and he had thought the guns were no longer there.

3

On October 7, 2003, Zwibel was indicted by a grand jury in the Western District of Pennsylvania for violating 18 U.S.C. § 922(g)(1).[1]  A jury found Zwibel guilty and Zwibel was then sentenced to 70 months incarceration.  This timely appeal followed.

## II.

## A.

Zwibel raises two challenges to the sufficiency of the evidence supporting his conviction.  First, he argues the government failed to prove the gun at issue in this case was a "firearm" as defined under 18 U.S.C. § 921(a)(3).  Second, he argues the government failed to proffer sufficient evidence from which the jury could conclude he constructively possessed the gun at issue.

"Our review of the sufficiency of the evidence after a conviction is 'highly deferential.'" United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001).  Accordingly, while we have plenary power to determine, after drawing all reasonable inferences in the light most favorable to the government, whether the evidence would allow a rational jury to convict, id., the jury's verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996).  This is a "heavy burden" for Zwibel.  United

_____

[1]Although two guns were recovered from the night stand in Zwibel's bedroom, one of the two weapons may have been an "antique" as defined in 18 U.S.C. § 921(a)(3) and could not serve as a predicate for a charge under 18 U.S.C. § 922(g)(1).  Thus, Zwibel was only charged with possession of the gun that was not an antique.

4

States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted).

**1.**

Under 18 U.S.C. § 921(a)(3), "firearm" is defined as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the reaction of an explosive."  Relying on the government's firearms expert's testimony failure to personally inspect the gun at issue, Zwibel argues that the government did not prove beyond a reasonable doubt that the gun was designed to or could expel a projectile by the reaction of an explosive and that his conviction should therefore be vacated.

We disagree.  While Zwibel is correct that the government expert did not personally inspect the gun in question, the expert testified that he did not do so because he relied on information provided to him by another agent who had personally inspected the firearms.  Furthermore, the gun at issue was identified as a Firearm International Regent .22-caliber revolver for which ammunition was readily available.  In light of the agents' identification of the gun's manufacturer and the gun's caliber, and the fact that ammunition for the gun was readily available, we are satisfied that there was sufficient evidence from which the jury could conclude that the gun was a "firearm" within the meaning of 18 U.S.C. § 921(a)(3).[2]  See United States v. Castillo, 924 F.2d 1227, 1230

---

[2]To the extent that Zwibel argues the government was obligated to demonstrate that the gun was operable to establish it was a "firearm" under 18 U.S.C. § 921(a)(3), a weapon need not be operable to be considered a "firearm" under § 921(a)(3).  See United States v. Rivera, 415 F.3d 284, 286 (2d Cir. 2005) (Walker, C.J.) (collecting cases).

(2d Cir. 1991) (evidence sufficient to prove gun was "firearm" where witness was a police officer who had "extensive training and familiarity in the identification and use of firearms"); United States v. Rouco, 765 F.2d 983, 996 (5th Cir. 1985) (rejecting sufficiency-of-the-evidence challenge to firearm conviction where Florida statute at issue defined "firearm" as "any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive," and government presented testimony from agent familiar with handguns regarding the weapon's caliber).

**2.**

Zwibel next argues that because he did not place the firearm at issue in the night stand and there was no testimony that he ever touched the firearm, there was insufficient evidence to support the jury's conclusion that he constructively possessed the firearm.

To establish constructive possession, the government must submit sufficient evidence to support the inference that the individual "knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence." United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992). "Mere proximity to [contraband] or mere presence on the property where it is located or mere association with the person who does control the [contraband] or the property," does not establish constructive possession.

6

United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993). Accordingly, evidence that may

establish constructive possession includes a defendant's attempt to hide or destroy

contraband, or that the defendant lied to police. United States v. Jenkins, 90 F.3d 814,

818 (3d Cir. 1996); accord United States v. Booker, 436 F.3d 238, 242 (D.C. Cir. 2006)

("Although mere proximity to a gun is insufficient to establish constructive possession,

evidence of some other factor – including connection with a gun, proof of motive, a

gesture implying control, evasive conduct, or a statement indicating involvement in an

enterprise – coupled with proximity may suffice.") (citation omitted).

When we view the evidence in this case in the light most favorable to the

government, as we must, we are satisfied that the jury's verdict was supported by

sufficient evidence. Zwibel is correct in arguing that his proximity to and knowledge of

the gun are not by themselves sufficient to support a determination of constructive

possession. Brown, 3 F.3d at 680. However, the evidence in this case goes beyond

proving merely that Zwibel was aware of the presence of the guns in his bedroom.

The crucial evidence here is Zwibel's interaction with the probation officers during

the March, 2003, home visit that led to the officers' discovery of the guns.[3] Before that

visit, Zwibel and Bristo had discussed the guns while in the bedroom, and Bristo testified

---

[3]We note that Zwibel told a probation officer that he allowed the guns to remain in his bedroom "because I haven't seen a probation officer in months." App. 199. This statement could permit an inference that Zwibel had some measure of control over the guns in that it suggests that had Zwibel known probation officers would inspect his residence, he could and would have moved the guns, which would in turn be evidence of his control over the guns.

7

that he had wrapped the guns in a blanket and placed them in the night stand. From this testimony, a rational jury could infer that Zwibel knew – before the probation officers' March, 2003, home visit – that the guns were hidden in the night stand. See Iafelice, 978 F.2d at 94 (observing that this Court "presume[s] that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences").

That the jury could have permissibly inferred Zwibel knew the guns were in the night stand is critical. When probation officers asked whether there were any guns in his bedroom, Zwibel glanced at the night stand and then told the officers that any guns in the room would be behind a dresser. Zwibel then reached behind the dresser, and finding no guns, told the officers "[i]f the firearms were there, they would be behind this dresser, and they *wouldn't be in any other area of the house*." App. 115 (emphasis added). Thus, the jury could reasonably conclude that Zwibel, knowing the guns were in the night stand, had attempted to divert the probation officers' attention from the guns' true location by directing the officers toward the dresser and then telling the officers that there were no guns elsewhere in the house. Lying to authorities or engaging in otherwise evasive conduct is probative of constructive possession, Booker, 436 F.3d at 242; Jenkins, 90 F.3d 818, and we are satisfied that the evidence of Zwibel's misdirection of the probation officers supports the jury's ultimate conclusion that he constructively possessed the guns.[4]

---

[4]While we agree with Zwibel that our decisions in United States v. Brown, 3 F.3d 673 (3d Cir. 1993), and United States v. Jenkins, 90 F.3d 814 (3d Cir. 1996), are relevant to the issue of constructive possession, we find them distinguishable because the defendants in

**B.**

Zwibel next argues the District Court's jury instructions did not properly explain the concept of constructive possession. We exercise plenary review over the legal standards enunciated in a jury instruction but review the wording of the instruction for abuse of discretion. United States v. Lee, 359 F.3d 194, 203 (3d Cir. 2004). We review the jury charge as a whole "to determine whether, taken as a whole, they properly apprized the jury of the issues and the applicable law." Id. at 203-04 (citation omitted).

The jury charge regarding constructive possession reads as follows:

> "To possess means to have something within a person's control. This does not mean the person must hold it physically in his hand, that is, to have actual holding on to it or possession of it. *As long as the firearm is within the person's control or the person has the power and intention to exercise control over the firearm, he possesses it.*"

App. 200 (emphasis added). Focusing on the last sentence of this instruction, Zwibel claims the instruction was improper because the "within the person's control" language of that sentence authorizes a conviction based merely on a physical capacity to seize the guns and thus "jettisons" the requirement of intent required to support a finding of constructive possession. We disagree.

Reviewing the instruction as a whole, as we must, Lee, 359 F.3d at 203-04, we are satisfied that it correctly presented the issue of constructive possession to the jury. The

those cases did not attempt to impede authorities' ability to find contraband.

9

first sentence of the instruction identifies possession as defined by a person's control over an object. The second sentence informs the jury that one may possess objects beyond those items held in one's hand. The first part of the final sentence of the instruction simply restates the first sentence – i.e., that possession of a firearm relates to a person's control over it – and the second part of that sentence correctly states that constructive possession of a firearm may be established by a person's power and intent to exercise control over the firearm. Accordingly, we read "[a]s long as the firearm is within the person's control or the person has the power and intention to exercise control over the firearm, he possesses it," as setting forth the proper definition of constructive possession, Iafelice, 978 F.2d at 96, and we discern no error in the instruction.

## C.

Zwibel finally argues 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied. However, our decision in United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), held otherwise, and Zwibel concedes he raises the issue merely to preserve it for possible en banc or Supreme Court review. Br. at 46.

## III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court's Order of judgment and conviction.

10